**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LASTONIA LEVISTON, : | Case No. 15-cv-3989-KPF |
| : | |
| Plaintiff, : | |
| : | |
| -against- : | |
| : | |
| CURTIS JAMES JACKSON, III a/k/a : | |
| 50 CENT, : | |
| : | |
| Defendant. : | |
| : | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S APPLICATION FOR FEES
AND COSTS**

Plaintiff, Lastonia Leviston, by and through undersigned counsel, files this reply

memorandum in support of her request for fees and costs pursuant to 28 U.S.C. § 1447(c), and

states as follows:

Viewing the Court's remand order narrowly and in a vacuum, Plaintiff concedes that 28

U.S.C. § 1447(c) does not apply because the Court's remand was premised on abstention and

equitable remand.   However, it was Plaintiff's understanding that the Court deferred ruling on

the appropriateness and propriety of removal for purposes of judicial economy and to get the

case remanded as soon as possible.  (May 28, 2015 Hearing Transcript at 49:7-9, attached hereto

as Exhibit "A") ("I will tell you what I'm not going to talk about, which is the appropriateness or

the propriety of removal.  I will give that to the defendants *at this time.*") (emphasis added).  In

Plaintiff's view, Defendant's use of this Court's "related to" jurisdiction was a perversion of the

removal statute and wholly improper.   The mere fact that an unrelated bankrupt corporation may

need to borrow money from a litigant for restructuring at some future date does not create federal

1

jurisdiction.[1]   Nor is there any other reason why this Court has "related to" jurisdiction.[2] Plaintiff stands by her Motion papers in that this Court does not have, nor did it ever have, jurisdiction pursuant to 28 U.S.C. § 1334.

Courts have great discretion in awarding fees and expenses.  For fees and expenses under § 1447(c), the Supreme Court explained the applicable standard in *Martin v. Franklin Capital Corp.*, 547 U.S. 132 (2005), as follows:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

*Id.* at 141 (internal citations omitted).  This "reasonableness" standard was created in light of the statutory intent of § 1447(c), which is "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140.[3]

---

[1] Defendant asserts that because Mr. Jackson is the "sole owner of SMS" and "sole provider of funds to SMS," this case "may conceivably have an impact on SMS's chapter 11 estate and ability to reorganize." (15-cv-3989-KPF, Docket Entry #12 at 10).  In analyzing whether this can amount to "related to" jurisdiction, Plaintiff encourages this Court to consider the policy consequences of allowing this situation to create federal jurisdiction. **By way of example, assume that Bill Gates is a bad driver and he has 20 pending state court actions against him for different auto accidents around the country.  Can he unilaterally decide to create federal jurisdiction for all those actions (regardless of the nature or size of the claims) by merely having one of his small, solely owned businesses file for bankruptcy?**  This is a slippery slope, and certainly was not the intent of Congress in enacting the federal removal statutes.

[2] At the hearing, Mr. Renard raised the "related to" issue in terms of "the fact that Mr. Jackson has control of that bankruptcy and the fact that [the] entity needs immediate attention, financial and managerial, in connection with the bankruptcy, and the fact that we have this case." (Exhibit "A" at 31:23 to 32:2).  However, Mr. Jackson cannot be said to be subsumed by the tort action, since he did not appear for any part of the trial.  Nor can it be said that the bankruptcy needed his immediate attention, since, according to the Office of the U.S. Trustee, Mr. Jackson did not appear at the first creditor's meeting on June 29, 2015.

[3] In its decision, the Supreme Court noted that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.*  This is precisely what occurred here.

Defendant cites to cases for the proposition that because the remand was based on abstention, it cannot be said that the removal was not "objectively reasonable." While Plaintiff does not concede that the removal was "objectively reasonable," it is clear that there are unusual circumstances present here to warrant a departure from the general rule.

Defendant's removal was a blatant abuse of the removal statutes so that Defendant could obtain an adjournment (which he had fervently attempted to obtain several times before this removal). It is crystal clear that Defendant timed the bankruptcy precisely so as to prevent the trial from going forward.[4] Any judgment resulting from this case would most likely go through a long appeals process, and would have absolutely no immediate effect on the bankruptcy estate. Moreover, his counsel's conduct in surreptitiously coordinating the bankruptcy and then sandbagging Plaintiff on the morning of trial (without showing up) demonstrates a carefully executed plan designed to delay and disrupt the trial proceedings.[5] When it is so blatantly clear that one party could have completely avoided (or at least mitigated) a tremendous financial burden to the other party, but consciously chose not to, it calls for a finding of "unusual circumstances" meriting an award of fees and expenses.

But if the circumstances were not sufficiently "unusual" at the time of the removal, Defendant's conduct following the remand makes it abundantly clear just how much of a sham

---

[4] As further evidence of the dubious nature of the bankruptcy, the bankruptcy documents show a distribution to Mr. Jackson on May 14, 2015, in the amount of $200,000. (*See* Bankruptcy Documents, attached hereto as Exhibit "B"). We argue that it is no coincidence that this company went from making a $200,000 distribution to filing for bankruptcy in a matter of twelve days.

[5] If Plaintiff's counsel were given forewarning, we would have been better prepared to quickly obtain a remand. However, by using the surprise factor, Defendant was able to obtain several extra days of delay.

the bankruptcy removal was.[6]  Almost immediately after returning to state court, Defendant raised new affirmative defenses and (without any warning) filed a frivolous motion to dismiss based on federal preemption.  When that was denied, Defendant sought an emergency stay of all trial proceedings from the Appellate Division, First Department.  When the stay was denied, the Parties began several days of jury selection.  During jury selection, Defendant began making requests of Plaintiff clearly designed for Plaintiff serve Defendant with a document or "other paper" to establish the amount in controversy and somehow create removability based on diversity jurisdiction.[7]  When Plaintiff responded in good faith to those requests, and after a jury had already been picked and sworn, Defendant again removed the case, this time based on diversity jurisdiction.[8]  Once again, Defendant gave no forewarning to Plaintiff.[9]

In remanding this case for the second time, the Court described Defendant's actions as "a striking abuse of the federal removal statute . . . in an effort to avoid standing trial." (Case No. 15-cv-04563-KPF, Docket Entry #9, at 1).  Plaintiff need not go through the details and circumstances underlying the second removal, as they are set forth in this Court's second remand

---

[6] While the case cited by Defendant states that "objective reasonableness" is to be evaluated at the time of removal, Plaintiff contends that the totality of the circumstances, including subsequent conduct, should be considered in finding "unusual circumstances."

[7] Specifically, Defendant first asked that Plaintiff provide Defendant with the amount of damages sought pursuant to CPLR § 3017.  Defendant then asked Plaintiff to supplement her discovery response on damages, which was over four years old and had never been the subject of a motel to compel a better response.

[8] In an apparent attempt to distance trial counsel from any wrongdoing or avoid a duty of his trial counsel to disclose their intent to remove the case again, Defendant hired outside counsel, P. Kent Correll, a former partner of trial counsel's firm.  In the state court, James Renard, counsel for Defendant, indicated that trial counsel received the removal papers for the first time at the same time the papers were received by the Court.  (See June 12, 2015 Transcript of Hearing before Judge Paul Wooten, Supreme Court of the State of New York, New York County, attached hereto as Exhibit "C").  We are doubtful that trial counsel first received the removal papers when they were served, as the electronic stamp on the removal papers match the electronic stamps on various other Bickel & Brewer filings.

[9] According to Mr. Correll, he was retained by Mr. Jackson on June 4, 2015.  Plaintiff was not advised of Mr. Jackson's intent to remove until service of the removal papers on June 12, 2015.

4

order.  (*Id.*).

In sum, Defendant unilaterally imposed great expense and hardship on Plaintiff and her counsel by furtively filing for bankruptcy in a transparent effort to obtain an adjournment of the state court trial.  As if that were not enough, Defendant and his counsel continued to engage in conduct carefully orchestrated to prevent the trial from going forward.  Based on the totality of the circumstances, which includes Defendant's subsequent conduct, this Court should award fees and expenses incurred by Plaintiff as a result of Defendant's removal.

"When a court exercises its discretion [to grant fees under a finding of unusual circumstances], . . . its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Martin*, 546 U.S. at 141 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  Here, there is strong evidence that the removal was one link in a long chain of delay tactics designed to delay the litigation and impose costs on Plaintiff.  Deterrence of such improper motive and prevention of costs sustained by the removed party is exactly the purpose of imposing fees and expenses under § 1447(c).

Defendant argues that if there is an award under § 1447(c), it should not be against Defendant's counsel.  Although Plaintiff has been unable to find any contrary authority, Plaintiff believes that an award against Defendant's counsel is nevertheless merited.  In fact, given the timing of the events, and Defendant's retention of new counsel after terminating former counsel of 14 years right after they were unable to obtain an adjournment, it appears that Defendant's current counsel was retained for the sole purpose of disrupting and derailing the trial court proceedings and obtaining an adjournment.  Accordingly, given that Defendant's counsel acted in bad faith and for purposes of delay, this Court should consider sanctions under its inherent authority.

5

For these reasons, Plaintiff respectfully requests that this Court order Defendant and his counsel to reimburse her for the attorneys' fees, costs, and expenses incurred as a result of Defendant's improper and bad faith litigation tactics.

Respectfully submitted this 13th day of July, 2015.

/s/_____Hunter J. Shkolnik_____
Hunter J. Shkolnik (HS4854)
NAPOLI BERN RIPKA SHKOLNIK
350 Fifth Avenue, Suite 7413
New York, New York 10118
Telephone: (212) 267-3700
Facsimile: (212) 587-0031
Hunter@napolibern.com

-and-

Jonathan E. Freidin (*pro hac vice* anticipated)
Phillip Freidin (*pro hac vice* anticipated)
FREDIN, DOBRINSKY, BROWN, ROSENBLUM
2 S. Biscayne Blvd.
Suite 3100
Miami, FL 33131
Telephone: (305) 371-3666
jfreidin@fdlaw.net
pfreidin@fdlaw.net

*Attorneys for Plaintiff Lastonia Leviston*